UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTING INDUSTRY FUNDS, | ) | CASE NO. 1:24-CV-886 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| INDUSTRIAL PAINTING & RIGGING, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

Before the Court is Plaintiff Painting Industry Fund's (the "Fund") Motion for Default Judgment against Defendant Industrial Painting & Rigging ("IPR"). (Doc. 10.) For the reasons stated herein, the motion is GRANTED.

**I.     BACKGROUND**

The Fund is the administrator for plans and trusts created and maintained pursuant to certain collective bargaining agreements. (Doc. 1 at 2, ¶ 1.)[1] The Fund also serves as the depository for payments made to certain plans and funds under a "Working Agreement" between the Northern Ohio Painting and Taping Contracts Association, Inc. and the International Union of Painters and Allied Trades, AFL-CIO, District Council No. 6 ("PDC6"). (*Id.* ¶ 3.)

IPR is a business located in Cleveland, Ohio that employees members represented by PDC6. (*Id.* ¶ 7.) IPR, through its representative, George Kafantaris, signed the Working Agreement. (*Id.* at 3, ¶ 10.) By signing the agreement, IPR agreed

> to (1) be bound by the terms and conditions of the Agreement and Declarations of Trust, (2) submit to the Funds information and data with respect to the employees it has employed who are subject to the Funds, and (3) make payments to the Funds in accordance with the terms and conditions of the Agreement and the Agreements

---

[1] For ease and consistency, briefing citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

and Declarations of Trust described above. (*Id.*) The Working Agreement further obligates IPR to submit "payroll information, data and payments" to the Fund each month. (*Id.* ¶ 11.)

On May 18, 2024, the Fund filed suit against IPR for violating the Working Agreement. (*See* Doc. 1.) The Fund alleges that IPR "failed to remit all required payments to Plaintiff." (*Id.* at 3, ¶ 14.) The complaint seeks judgment in favor of the Fund and against IPR for liquidated damages, an audit of IPR's books, interest, attorneys' fees, and other costs. (*Id.* at 5.)

On July 12, 2024, personal service was perfected upon IPR. (Doc. 6). To date, IPR has not answered or otherwise responded to the complaint.

Plaintiff now moves for default judgment and the following relief: : (1) $42,881.49 in liquidated damages; (2) an order that Defendant "make all of his books and records, for the period of December 2023, through the present, available for inspection upon the request of the Funds' auditor so that Plaintiff may determine the amount of damages due them"; (3) "[a]n amount to be determined by the audit for delinquent fringe benefit contributions with interest in the amount of one and one-half percent (1.5%) per calendar month on the unpaid contributions and liquidated damages in the amount of ten percent (10%) of the unpaid contributions"; and (4) $2,608.70 for attorneys' fees and costs. (Doc. 10 at 88.)

## II.  LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default under Rule 55(a), the party seeking relief may apply for a default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). The Fund applied for an entry of default against IPR on August 21, 2024. (Doc. 8.) The Clerk entered default against IPR on August 28, 2024. (Doc. 9.)

Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Renouf v. Aegis Relocation Co. Corp.*, 641 F.Supp.3d 439, 444 (N.D. Ohio 2022); *see also* Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (discussing the effect of default judgment on defendant's liability). Unlike allegations on liability, damages allegations are not taken as true at this stage in litigation. *Antoine*, 66 F.3d at 111 ("Where damages are unliquidated a default admits only a defendant's liability and the amount of damages must be proved."); *see also N. Innovations Holding Corp. v. Keto Plan, Inc.*, No. 21-cv-2172, 2022 U.S. Dist. LEXIS 62687, at *8 (N.D. Ohio Apr. 4, 2022). "[T]he civil rules 'require that a party moving for a default judgment must present some evidence of its damages.'" *Logar v. Savelli*, No. 121-cv-00305, 2021 U.S. Dist. LEXIS 114638, at *3 (N.D. Ohio June 21, 2021) (quoting *Mill's Pride, L.P. v. W.D. Miller Enters., LLC*, No. 07-cv-990, 2010 U.S. Dist. LEXIS 36756, *1 (S.D. Ohio Mar. 12, 2010)).

### III. ANALYSIS

#### A. Default Judgment as to Liability

The Fund filed its complaint pursuant to § 301 of the Labor Management Relations Act of 1947 ("LMRA"), codified at 29 U.S.C. § 185, and § 502(a)(3), (e), and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1132(a)(3), (e), and (f). (Doc. 1 at 1.) In Count One, the Fund alleges that under the Collective Bargaining Agreement ("CBA") and Declarations of Trusts, the Fund has "the right to conduct, on written notice, audits of the books and records of Defendant with respect to hours worked by and wages

3

paid to all employees upon whom [IPR] is obligated to make contributions." (*Id.* at 4, ¶ 19.) In Count Two, the Fund alleges that IPR "failed to submit the required reports to Plaintiff for several months reporting hours by covered employees and indicated amounts due and owing for fringe benefit contributions to the Funds." (*Id.* ¶ 22.) Without these reports, the Fund "cannot know if full payment has been submitted." (*Id.* ¶ 23.) In Count Three, the Fund alleges that under the CBA, Working Agreement, and the Declarations of Trust, IPR is "subject to liquidated damages as a result of its failure to provide the required reports and payments." (*Id.* ¶ 26.)

The Working Agreement, including a signature page showing IPR is a signatory to the agreement, is attached to the complaint. (*See* Doc. 1-1 at 53.) IPR is deemed to have admitted the remaining allegations in the complaint through its default. The allegations in the Fund's complaint establish the Fund's right to conduct an audit, to recover the amount owed for fringe benefit contributions, plus liquidated damages, and interest for the period of December 2023 to the present, and to recover liquidated damages under the CBA, Working Agreement, and Declarations of Trust.

Thus, the Fund is entitled to default judgment as to liability on its claims.

### B. Default Judgment as to Damages

Plaintiff is entitled to unpaid contributions, liquidated damages, attorneys' fees, costs, and post-judgment interest, provided by Section 502(g)(2) of ERISA. 29 U.S.C. § 1132(g)(2). (*See also* Doc. 1 at 3, ¶ 13 (claiming damages under 29 U.S.C. 1132(g)(2)), 4, ¶ 27 ("As of the time of this complaint, the liquidated damages total $42,991.49)); Doc. 1-1 at 22, Section 8 (discussing liquidated damages under the Working Agreement).) The Fund seeks $42,881.49 for liquidated damages and $2,608.70 for attorney fees and costs. (Doc. 10 at 88.)[2]

---

[2] The Fund also seeks an audit to determine the additional monies it is owed for delinquent fringe

4

Attorneys' fees must be reasonable such that it "is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). Plaintiff bears the burden of demonstrating entitlement to attorneys' fees with "evidence supporting the hours worked and rates claimed." *Reed*, 179 F.3d at 472 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

In support of its request for attorneys' fees, the Fund submitted an affidavit from its attorneys, which explains that attorneys worked at an hourly rate of $190 or $195 and paralegals worked at an hourly rate of $100. (Doc. 10-1 at 90-91, ¶ 2.) The total billed through August 15, 2024, is $2,608.70, which includes $405 in costs for copying expenses, mailing expenses and a filing fee. (*Id.*) The Court is satisfied that the amount requested in attorneys' fees is reasonable. *See Mikolajczyk v. Broadspire Servs., Inc.*, 499 F.Supp.2d 958, 967 (N.D. Ohio 2007) (awarding $51,989.50 in attorneys' fees based on an hourly rate of $250 in ERISA action; *see also Soltysiak v. Unum Provident Corp.*, 480 F.Supp.2d 970, 976 (W.D. Mich. 2007) (awarding attorneys' fees at a $280 hourly rate for attorneys and $100 for paralegals in an ERISA action). Judgment will be entered in favor of the Fund and against IPR in the amount of $4,5490.19.

### IV. <u>CONCLUSION</u>

For the reasons stated herein, the Fund's motion for default judgment as to liability is GRANTED. To resolve the remaining issue of damages, the Court ORDERS as follows:

1. IPR is hereby ORDERED to submit to an audit to determine the full amount of delinquent fringe benefit contributions, with interest and liquidated damages owed to the Fund;

2. IPR is further ORDERED to provide the Fund full access to any and all books and

---

benefit contributions, interest, and liquidated damages. (Doc. 10 at 88.)

records for the period of December 2023 to the present that are necessary for the Fund to complete the audit, with such production occurring promptly and without delay;

      3.      The parties shall notify the Court when the audit is complete, and provide interim joint status reports every 45 days;

      4.      The Court will set a hearing on damages, if necessary, when the audit is complete.

      5.      IPR's failure to comply with any portion of this Order may result in a show cause order, a contempt hearing, and other sanctions, fees, and costs as this Court deems appropriate.

**IT IS SO ORDERED.**

**Date:** December 11, 2024

                                                            BRIDGET MEEHAN BRENNAN
                                                            UNITED STATES DISTRICT JUDGE