UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTING INDUSTRY FUNDS, | ) | CASE NO. 1:24-CV-886 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| INDUSTRIAL PAINTING & RIGGING, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Defendant Industrial Painting and Rigging Inc. ("IPR") moves for relief from the default judgment entered on December 11, 2024. (Docs. 11, 15.) Plaintiff Painting Industry Funds ("Plaintiff") opposed. (Doc. 18.) For the reasons stated herein, IPR's Motion for Relief from Default Judgment is DENIED.

Plaintiff is the authorized collection agent for funds maintained for the benefit of Painters District Council 6. (Doc. 11 at 95.)[1] IPR is a party to an agreement with Painters District Council 6. (*Id.*) The agreement obligates IPR to make payments to funds and, when delinquent, pay stated damages. (*Id.* at 95-96.) IPR has been delinquent and has not paid damages as stated in the agreement. (*Id.* at 96.)

On May 18, 2024, Plaintiff Painting Industry Funds commenced this action. (Doc. 1.) Service was perfected. (Doc. 6.) On August 21, 2024, Plaintiff applied for an entry of default. (Doc. 8.) Default was entered on August 28, 2024. (Docs. 8, 9.) That same day, Plaintiff moved for default judgment, an assessment of damages, and attorneys' fees. (Doc. 10.)

On December 11, 2024, the Court granted Plaintiff's Motion for Default Judgment.

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

(Docs. 11.)  Plaintiff was awarded $42,881.49 in liquidated damages and $2,608.70 in attorneys' fees.  (*Id.*)  IPR was ordered to submit to an audit.  (Doc. 11.)

On April 17, 2025, IPR filed its Motion for Relief from Default Judgment.  (Doc. 15.)  About one month later, on May 15, 2025, counsel for IPR moved to withdraw as counsel due to a conflict of interest.  (Doc. 17.)

On May 30, 2025, the Court granted the motion for leave to withdraw as counsel.  (May 30, 2025 Order.)  In that Order, the Court noted that corporate entities—like IPR—cannot proceed *pro se*.  (*Id.* (citing *Olagues v. Timken*, 908 F.3d 200, 22003 (6th Cir. 2018)).)  Accordingly, the Court entered an Order directing IPR's new counsel to file a notice of appearance on or before June 30, 2025.  (*Id.*)  The Court further stated "[f]ailure to do so will result in denial of the pending motion for relief from default judgment."  (*Id.*)  To date, no counsel has entered an appearance on behalf of IPR.  IPR has failed to comply with the May 30, 2025 Order.  And while this is reason enough to deny the motion, IPR has also failed to meet its burden under Rule 60(b)(1).

Both parties correctly recognize the relief sought here hinges on the Court's analysis of the following factors: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense."  *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003).  "Rule 60(b)(1) 'is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted with authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment order.'"  *Simmons v. City of Southfield*, No. 23-1724, 2024 U.S. App. LEXIS 23634, at *4 (6th Cir. Sept. 17, 2024) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).  IPR bears the burden of demonstrating the applicability of Rule

60(b)(1) and that relief pursuant to that Rule is warranted.  *See Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993); *see also Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980).

"A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors."  *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457-58 (6th Cir. 2011) (quoting *Gumble v. Waterford Twp.,* 171 F. App'x 502, 506 (6th Cir. 2006)).  A lack of diligence, however, is fatal to any claim of mistake or excusable neglect.  *B&D Partners v. Pastis*, No. 05-59954, 2006 WL 1307480, 2006 U.S. App. LEXIS 11901, at *9 (6th Cir. 2022); *Massiah v. Tenn. State Univ.*, No. 21-cv-66, 2022 WL 16722341, 2022 U.S. Dist. LEXIS 201304, at *13-15 (M.D. Tenn. Nov. 4, 2022).

IPR claims it was not aware of the litigation because it placed the Complaint and summons in a pile of mail specific to audit papers.  (Doc. 15 at 110.)  It then directs the Court to cases where the defendant was unaware a lawsuit was brought until after default was entered.  (*Id.*)  But that is not the case here.  IPR admits receiving the Complaint and summons.  (*Id.*)  It even states that it was "technically served," but an inexperienced employee did not appreciate that a Complaint and summons signified a lawsuit had been filed.  (*Id.* at 111.)  Even if this were plausible, which it is not, IPR does not even address the fact that the Clerk of Court mailed a copy of the default entry to it on August 28, 2024.[2]  Instead, it claims to be completely unaware of the litigation until after default judgment was entered.  (*Id.* at 110.)  Even the facts acknowledged by IPR belie this assertion.  IPR received the Complaint and summons.  It received the entry of default.  It received the Motion for Default Judgment.  And yet it took no

---

[2] Docket Entry on 8/24/2024: "Copy of Default Entered, (Doc. 9) mailed to Industrial Painting and Rigging, Inc. at 12409 Eaton Commerce Pkwy, Columbia Station, OH 44028 on 8/24/2024."  Plaintiff acknowledges receiving mail at this address.  (Doc. 15 at 106-07.)

action. Default judgment was a product of IPR's lack of diligence at best and complete indifference to judicial proceedings at worst.

Because IPR did not comply with the Court's May 30, 2025 Order, and also because IPR has not met its burden under Rule 60(b)(1) to be relieved from default judgment, the Motion for Relief from Default Judgment is DENIED.

As stated in the Court's Memorandum Opinion and Order, IPR is ORDERED to submit to an audit to determine the full amount of delinquent fringe benefit contributions, with interest and liquidated damages owed to the Fund. IPR is also ORDERED to provide Plaintiff/the Fund with full access to any and all books and records, for the period of December 2023 to the present, that are necessary for the Fund to complete its audit. IPR's failure to comply with the Court's Orders may result in contempt proceedings, an award of fees and costs, and other sanctions as deemed appropriate.

**IT IS SO ORDERED.**

Date: July 30, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE